UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
                         :

HERBERT MARTINEZ,                    :

                     :

             Plaintiff,        :            25-CV-3236 (JMF)

                     :

      -v-                  :

                     :        <u>MEMORANDUM OPINION</u>

JANJAN REALTY CORP. et al.,        :          <u>AND ORDER</u>

                     :

            Defendants.     :

                     :
----------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

Trial in this case, brought by Hebert Martinez against Janjan Realty Corporation and the Juice Box Deli Corporation and familiarity with which is assumed, is scheduled to begin on April 21, 2026. *See* ECF No. 37.  In advance of trial, Martinez moves *in limine* (1) to preclude Defendants from introducing undisclosed witnesses, including an expert witness and unnamed "rebuttal witnesses"; and (2) for judicial notice of two photographs.  *See* ECF No. 34; *see also* ECF No. 35 ("Pl.'s Mem.").  The motions are granted in part and denied in part as follows.

First, Martinez's motion to preclude Defendants from calling unnamed and undisclosed "rebuttal witnesses" is granted.  For one thing, Defendants do not oppose that portion of Martinez's motion; accordingly, they have forfeited any arguments to the contrary.  *See, e.g.*, *In re Laundress Mktg. & Prod. Liab. Litig.*, No. 22-CV-10667 (JMF), 2024 WL 4767030, at *5 (S.D.N.Y. Nov. 13, 2024) ("A party's failure to respond to arguments the opposing party makes in a motion . . . operates as a waiver or forfeiture . . . ." (cleaned up)).  For another, to allow Defendants to call witnesses that — even today — they have never disclosed would, as Martinez asserts, plainly be to permit "the 'sandbagging' that Rules 26 and 37 [of the Federal Rules of Civil Procedure] are designed to prevent." Pl.'s Mem. 1.

By contrast, Martinez's motion to preclude Defendants from calling their expert witness is denied. Although Defendants do not dispute that they failed to disclose their expert in accordance with Rule 26(a), they did provide their expert's report to Martinez's counsel "[w]ithin days" of "interposing an Answer in this matter" and "on other occasions, including on September 8, 2025, in response to a discovery request." ECF No. 38, at 1. Nevertheless, Martinez did not seek to depose the expert (or, for that matter, Defendants themselves); nor did he raise the issue with the Court before the close of discovery. Given that, and the importance of the expert's testimony, preclusion is not warranted. *See Sofitel Inc. v. Dragon Med. & Scientific Comm., Inc.*, 118 F.3d 955, 961 (2d Cir. 1997) (discussing the relevant factors). That said, given Defendants' failure to comply with Rule 26(a), Martinez is granted leave to depose Defendants' expert, *at Defendants' expense*, no later than the final pretrial conference on **April 16, 2026**.

Next, Martinez's request to take judicial notice of Plaintiff's Exhibits 5 and 6 — two images from Google maps — is granted as unopposed. *See also, e.g.*, *Johnson v. N.Y.S. Div. of Parole*, No. 9:24-CV-0167 (ECC/ML), 2025 WL 4086755, at *5 (N.D.N.Y. Sept. 25, 2025) ("[C]ourts have regularly taken judicial notice of images on Google Street View." (citing cases)).

Finally, it appears that Defendants have failed to submit to the Court electronic copies of the exhibits they seek to use at trial. Accordingly, and pursuant to Paragraph 6.C of the Court's Individual Rules and Practices for Civil Cases, Defendants are hereby ordered to submit those copies to the Court **no later than April 6, 2026**. If Defendants wish to submit those exhibits via the Court's secure file transfer system, they should file a letter informing the Court.

The Clerk of Court is directed to terminate ECF No. 34.

SO ORDERED.

Dated: March 30, 2026
New York, New York

_____
JESSE M. FURMAN
United States District Judge

2